**Tony MARTINEZ, Plaintiff–Appellant,**

v.

**LONGS DRUG STORES CORPORA-TION, Dba Longs Drug Stores, Defendant–Appellee.**

**No. 05–17142.**

United States Court of Appeals, Ninth Circuit.

Argued Oct. 17, 2007.

Submitted June 5, 2008.

Filed June 5, 2008.

Lynn Hubbard, III, Scottlyn J. Hubbard, IV, Esq., Law Offices of Lynn J. Hubbard, IV, Chico, CA, for Plaintiff-Appellant.

John L. Barber, Melissa O'Mansky, Lewis Brisbois Bisgaard & Smith, LLP, Los Angeles, CA, for Defendant-Appellee.

Before: THOMPSON and TALLMAN, Circuit Judges, and DUFFY,* Senior Judge.

## MEMORANDUM **

Tony Martinez, a paraplegic who requires a wheelchair for mobility, appeals the district court's entry of summary judgment in favor of Longs Drugs Stores, Inc. (Longs) in his action under Title III of the Americans with Disabilities Act (ADA) and related state disability access laws. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

---

\* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Martinez's invocation of the "voluntary cessation" exception to mootness is unavailing. First, the district court did not deny injunctive relief because the claims were moot, as Martinez claims. *See Hr'g Tr. 16, July 27, 2005*

The first issue on appeal is whether Martinez has standing to seek injunctive relief with respect to architectural barriers he neither encountered nor was aware of during his visit to Longs' store, but which were identified in an "accessibility report" for the store completed by his expert after his complaint was filed. Our recent decision in *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1042–43 (9th Cir.2008), establishes that Martinez does have standing with respect to such barriers. Accordingly, we reverse the grant of summary judgment in favor of Longs on this issue and remand to the district court for further proceedings.

The second issue on appeal is whether the district court erred in not granting Martinez injunctive relief with respect to the barriers that Martinez did actually encounter that violated the ADA. During oral argument before the district court, Longs claimed that it had remediated all of the barriers Martinez encountered during his visit. While some of the ADA violations at Longs' store were capable of complete and irrevocable remediation, is it possible that others, such as the placement of the garbage can and aisle displays, could recur. With respect to the barriers that are capable of recurrence, Martinez argues that Longs could only remediate by having a policy in place that required the store to maintain accessible features. Because the store lacked such a policy, he contends, the violation was not remedied, the claim was not moot,[1] and the district

---

("So I don't know that it is technically moot under the standards for mootness."). In any case, the voluntary cessation exception allows a court to determine the legality of a challenged practice where the defendant has voluntarily ended that practice. *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982). In this case, the district court had already determined that Longs violated the ADA; the issue

court erred in refusing to grant injunctive relief.

"The grant or denial of injunctive relief rests with the sound discretion of the trial court and requires a clear abuse of discretion for a modification or reversal." *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir.1985). The district court will be upheld unless "there was no reasonable basis" for its decision. *Id.; SEC v. Arthur Young & Co.*, 590 F.2d 785, 787 (9th Cir.1979) (holding that no per se rule requires that an injunction issue even where the defendant has been found to have violated securities laws). Here, the district court clearly understood the problem with regard to the possibility of recurrence, was satisfied that injunctive relief was not an appropriate means to ensure ADA compliance, and accordingly exercised its discretion not to impose such relief. The district court did not act unreasonably in denying Martinez's demand for an injunction and we affirm that portion of the district court's order. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Services, Inc.*, 528 U.S. 167, 193, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (holding that the district court may "conclude that an injunction would be an excessively intrusive remedy").

The third issue on appeal is whether the district court properly determined that Martinez could only recover damages for the visit to Longs' store that occurred before Martinez filed his complaint, and not for the six visits that occurred after the complaint was filed. Because Martinez averred in his complaint that he was deterred from further visits to the store, Longs did not have fair notice that Martinez would later seek damages for visits that occurred while Longs was investigating the allegations regarding his first visit.

was not the legality of Longs' actions, but rather, given the illegality, the proper remedy.

*See* Fed.R.Civ.P. 8. Nor does the final pretrial order, which superceded the pleadings, include any allegations specific to the subsequent visits or otherwise provide notice to Longs that it would be liable for those visits; in fact, the prayer for relief in the complaint and the "relief sought" section of the pretrial order are substantively identical. *See* Fed.R.Civ.P. 16(e). In order for Martinez to recover damages for visits occurring after the complaint was filed, he would have had to file a new complaint or an amended complaint. *See Flintkote Co. v. Lysfjord*, 246 F.2d 368, 396–97 (9th cir.1957). He did neither and we affirm the district court's damage award.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Each party shall bear its own costs on appeal.